## BRUSH v. HOAR.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

JUDGMENT—ACTIONS ON—LIMITATION—SUPREME COURT OF KINGS COUNTY.

Code Civil Proc. N. Y. § 376, providing that a final judgment for money heretofore or hereafter rendered in any court of record in the United States, or elsewhere, shall not be barred for 20 years, applies to judgments rendered in the supreme court of Kings county, N. Y.; and such judgments are not barred by section 388, providing that an action not otherwise provided for must be brought within 10 years after the cause of action accrued.

Appeal from circuit court, Kings county; EDGAR M. CULLEN, Justice.

Action brought by Samuel C. Brush against Charlotte Hoar, administratrix of William A. Hoar, deceased, on a judgment recovered in 1870, in the supreme court for Kings county, against said Hoar in his life-time. Defendant pleaded the statute of limitations. Trial before the court, who found for the plaintiff, and from the judgment entered thereon the defendant appealed. Section 376, Code Civil Proc. N. Y., provides that a final judgment or claim for a sum of money, or directing the payment of a sum of money, heretofore rendered in a surrogate's court of the state, or heretofore or hereafter rendered in a court of record in the United States, or elsewhere, is presumed to be paid and satisfied after the expiration of 20 years from the time when the party recovering it was first entitled to a mandate to enforce it. Section 388 provides that an action the limitation of which is not specially prescribed in this or the last title must be commenced within 10 years after the cause of action accrues.

Argued before BARNARD, P. J., and DYKEMAN and PRATT, JJ.

*Sidney H. Stuart,* for appellant. *Roswell W. Keene,* for respondent.

PRATT, J. Sections 376, 377, and 378 of the Code of Civil Procedure furnish the rule as to limitation of actions upon judgments. The following sections give the rule as to various other causes of action, and section 388 refers to actions not before provided for in this or the last title. It follows that the limitation for actions upon judgments in courts of record is now, as it was before the present Code, 20 years. Whether an execution will issue upon the judgment without application for leave is a question not now before the court. Nor can defendant now raise the question as to whether leave to sue should have been obtained under section 1913. That defense was not raised by demurrer nor answer, and was therefore waived. It may well be that such leave was had and not pleaded. Judgment affirmed, with costs.